**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARGAUX GRASON, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| SO-WELL DENTAL ASSOCIATES P.C. ) | |
| an Illinois corporation, and ZENOBIA ) | |
| SOWELL, DDS., an individual ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES, the Plaintiff, MARGAUX GRASON, ("Plaintiff") by and through her attorneys Bradley K. Staubus, Nicholas F. Esposito and Brittany N. Bermudez and complains against the Defendants, SO-WELL DENTAL ASSOCIATES P.C., and ZENOBIA L. SOWELL, DDS, individually and in her official capacity as an "employer" as defined under Illinois law and under the FLSA, states as follows:

**INTRODUCTION**

1. This case is filed alleging common law breach of contract, as well as violations of the Illinois Wage Payment and Collection Act (hereinafter "IWPCA"), Fair Labor Standards Act (hereinafter "FLSA"), and the Illinois Minimum Wage Law (hereinafter "IMWL").

2. This case is filed under the IWCPA to recover unpaid compensation due to Plaintiff pursuant to an agreement with the Defendants, including interest and attorneys' fees.

3. This case is also filed under the FLSA and IMWL to recover unpaid wages for unpaid salary, minimum wage and/or overtime work performed for which Plaintiff was not paid, liquidated damages, interest and attorney fees and costs and all other relief due and just.

**JURISDICTION AND VENUE**

4. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Defendant does business in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**PARTIES**

6. Plaintiff, Margaux Grason, is an individual resident of Illinois and is a former employee of Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully deprived Plaintiff of benefits and/or wages due and owing.

7. Defendant, So-well Dental Associates P.C., is a dental practice doing business in the State of Illinois. Hereafter referred to as "So-well" or collectively with Defendant Zenobia Sowell as "Defendants".

8. So-well will include but not be limited to all subsidiaries, agents, successors and parent corporations.

9. Individual Defendant Zenobia Sowell DDS, was the Plaintiff's direct supervisor at Sowell and recruited Plaintiff to join Sowell as an employee and is named individually in her official capacity as an "employer" as defined under Illinois wage law and/or the FLSA. (Hereinafter referred to as Individual Defendant Zenobia).

10. Individual Defendant Zenobia is the owner of So-well and is named individually in her official capacity as an "employer" as defined under Illinois wage laws and/or the FLSA.

11. Plaintiff was employed by Defendants as an "employee" under the FLSA, 29 U.S.C §203(e)(1), the IWPCA and the IMWL.

12. Plaintiff began working for the Defendants in September 2013. At that time, Plaintiff and Defendants reached an agreement that Plaintiff would be paid 40% of collections. Plaintiff would be responsible for the payment of 50% of any lab bills as well as a monthly overhead fee of $40.

13. Plaintiff worked for Defendants until February 6, 2015 when she resigned.

14. Throughout Plaintiff's employment, Defendants managed Plaintiff's work, including the amount of hours worked and the patients Plaintiff treated. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

15. Throughout Plaintiff's employment, the Plaintiff performed numerous tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for her labors and benefits provided to the Defendants for the time period December 2015 through the date of Plaintiff's resignation.

16. Plaintiff's request includes payment of compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

17. Defendants employed Plaintiff, receiving her services and benefiting from her labors and supervising her employment.

18. Defendants failed to keep accurate records of all the time Plaintiff actually worked in direct violation of the FLSA and IMWL.

19. At all times relevant hereto, So-well was an employer engaged in an industry affecting commerce.

**STATEMENT OF FACTS REGARDING OWED WAGES BASED ON FLSA VIOLATIONS HAD RECKLESS DISREGARD FOR FLSA REGULATIONS**

20. Defendants required and/or permitted Plaintiff to work and Defendants did not compensate Plaintiff for all of those work hours.

21. Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

22. Defendants' have willfully operated a scheme to deprive this employee of her earned compensation.

23. Defendants' conduct, as set forth above, has been willful and in bad faith and has caused significant damages to the Plaintiff.

24. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

25. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**COUNT I**
**Claims for Wages**
**Under Fair Labor Standards Act**
**Brought as an Individual Action**

26. Plaintiff realleges and incorporates by reference all the paragraphs contained within this complaint, as if fully set forth herein.

27. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in dental work within the meaning of the FLSA, 29 U.S.C. § 203.

28. At all relevant times, Defendants have employed, and continue to employ, "employee[s]" including the Plaintiff, that have been, and continue to be engaged in dental practices within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, patterns, or practice of failing to pay owed compensation to Plaintiff.

30. Plaintiff makes a claim for all "compensable time" including all work suffered or permitted by employer, including all work allowed to occur or Defendants failed to prevent.

31. At all relevant times, the work performed by Plaintiff was for services to Defendants and were and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employee's employment with Defendants.

32. As a result of the Defendants' willful failure to record or compensate its employees, including Plaintiff, employed by Defendants for all hours worked, Defendants have violated, and continue to violate, the recorded hours provision of the FLSA.

33. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed by Defendants, including the Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§ 211 (c) and §§ 215 (a).

34. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 *et seq*, Plaintiff seeks damages in the amount of her respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

35. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff has consented to be a party to this action, pursuant to 28 U.S.C. § 216(b).

37. At all times relevant to this action, So-well was engaged in commerce and/or the production of goods for commerce and/or So-well was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C §§ 206(a) and 207(a).

38. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

A. Payment of unpaid wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*, and the supporting United States Department of Labor regulations;

B. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

C. Compensation originating from Defendants' company policies, and obligation requirements owed as a result of unpaid wages;

D. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois law;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois law;

F. Issuance of a Declaratory Judgment that the practices complaint of on this Complaint are unlawful under Illinois law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

G. Attorneys' fees and costs of this action; and

H. Such other relief as this Court shall deem just and proper.

### COUNT II
### Claims for Wages and Benefits due
### Under the Illinois Payment and Collection Act (the IWPCA)

39. Plaintiff realleges and incorporates by reference all the paragraphs in this complaint as if fully set forth herein.

40. Plaintiff worked for and was employed by Defendants.

41. Plaintiff worked for Defendants for approximately one and one-half (1 1/2) years.

42. Defendants failed to pay any owed compensation and benefits alleged in this complaint.

43. For public policy reasons, "an employee shall receive all benefits upon leaving his/her employer."

44. The Illinois Wage Act 820 ILCS 115/1 *et seq* (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of

separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

45. The Wage Law provides, in relevant part, that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than 11/2 times the regular rate at which he is employed." 820 ILCS 105/4a (West 2002).

46. Plaintiff was under the control and direction of Individual Defendant Zenobia and Defendant So-well and/or its agents during the period of the Plaintiff's employment under her agreement of service and in fact.

47. Plaintiff's employment was in the usual course of business for which such service is performed.

48. Plaintiff did not have a proprietary interest in the Defendants.

49. The Defendants are "employers" under the terms of the IWPCA § 2.

50. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendant Zenobia is an employer under the definition of employer in the IWPCA, because Individual Defendant Zenobia knowingly permitted and directed the violation of the Act (IWPCA).

51. Plaintiff demands her compensation for a sum not exceeding the amount due and owed.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

A. Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor Regulations;

B. Liquidated damages in accordance with the IWPCA and IMWL;

C. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D. Consequential Damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois law;

F. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor Regulations;

H. Attorneys' fees in accordance with the IWPCA;

I. and costs of this action; and

J. Such other relief at this Court shall deem just and proper.

## COUNT III
**Breach of Agreement**

52. Plaintiff realleges and incorporates by reference all paragraphs of this complaint, as if fully set forth herein.

53. Defendants failed to pay all promised compensation as alleged elsewhere in this complaint.

54. Plaintiff provided consideration in the form of her employment and labors to the Defendants and the Defendants didn't provide all of the promised compensation as agreed upon by the parties.

55. Because of the breach of contract the Plaintiff suffered and continues to suffer loss and damages due to the actions of the Defendants.

**WHEREFORE,** Plaintiff prays for the following relief:

A. Unpaid wages and liquidated damages;

B. Compensatory damages;

C. Consequential Damages;

D. Attorneys' fees and costs of this action; and

E. Such other relief as this Court shall deem just and proper.

## COUNT IV
### Under the Illinois Minimum Wage Law "IMWL"

56. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

57. Defendants are an "employer" and Plaintiff is an "employee" under Illinois Minimum Wage Law, 820 ILCS §§ 105 et. seq.

58. Defendants derived benefits by Plaintiff's work.

59. The IMWL requires employers to pay employees minimum wages for all hours worked.

60. Defendants have violated the IMWL by failing to pay Plaintiff for all hours worked and failing to maintain accurate records of all hours worked by Plaintiff.

61. As a result foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

    A.    Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor Regulations;

    B.    Liquidated damages in accordance with the IWPCA and IMWL;

    C.    Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

    D.    Consequential Damages;

    E.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois law;

    F.    Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

    G.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor Regulations;

    H.    Attorneys' fees in accordance with the IWPCA;

    I.    and costs of this action; and

    J.    Such other relief at this Court shall deem just and proper.

        Respectfully submitted,
        MARGAUX GRASON,
        Plaintiff,
        By: /s/ Bradley K. Staubus

Bradley K. Staubus
Brittany N. Bermudez
Esposito & Staubus LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
312.346.2766